HOWARD & HOWARD ATTORNEYS PLLC
Robert Hernquist, Nevada Bar No. 10616
*rwh@h2law.com*
Jennifer Lloyd, Nevada Bar No. 9617
*jl@h2law.com*
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568

*Attorneys for Defendants Diageo North America, Inc.
& Diageo Americas Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNTER WRAPS INTERNATIONAL INC. d/b/a DC MEDIA AND MARKETING, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIAGEO NORTH AMERICA INC., a Connecticut corporation; DIAGEO AMERICAS INC., a Delaware corporation; and DOES I through X;<br><br>Defendants. | Case No. 2:16-cv-02924-JCM-(CWH)<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, in the course of this litigation disclosure may be sought of information that a party regards as proprietary, confidential or requiring special protection under Rule 26(c) of the Federal Rules of Civil Procedure ("confidential information"); and

WHEREAS, the parties hereto desire to establish a mechanism governing access to and use of such confidential information in this action. Accordingly,

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

IT IS HEREBY STIPULATED by and between the parties that the following Protective Order shall govern the access to and use of confidential information produced in this action.

IT IS HEREBY ORDERED that:

1. Any information produced by any party or non-party in this action may be designated by the producing party(ies) as "Confidential" or "Confidential—Attorneys' Eyes Only" (collectively "Designated Information"). As a general guideline, any information, the whole of which is publicly available, should not be designated as "Confidential" or "Confidential—Attorneys' Eyes Only." A party who designates information as confidential shall be referred to as a Designating Party. A party or parties who receive(s) confidential information shall be referred to as a Receiving Party.

2. Documents not previously disclosed to the public should be designated "Confidential" when such documents contain confidential information that may be reviewed by certain named persons of the Receiving Party, but must be protected against disclosure to third parties as provided by Fed. R. Civ. P. 26(c)(1)(G). Any document(s) and/or other information subject to disclosure may be designated by the Designating Party as "Confidential" when it contains confidential business, research, development and/or financial information such as tax records, banking records, accounting records, financial statements, meeting minutes, or other categories of information not publically available in which the Designating Party has a reasonable interest in protecting from general disclosure.

3. Documents not previously disclosed to the public should be designated "Confidential—Attorneys' Eyes Only" when such documents contain highly confidential information that may be reviewed by certain named persons affiliated with the Receiving Party's counsel, but must be protected against disclosure to the Receiving Party and third parties. Any document(s) and/or other information subject to disclosure may be designated by the Designating Party as "Confidential—Attorneys' Eyes Only" when it contains trade secrets including, but not limited to, product formulas, manufacturing methods or product development plans, confidential business information such as marketing plans, customer lists, sales figures,

advertising expenditures, pricing plans, balance sheets, supplier identities, business plans, license agreements, or other information which could put the producing person or entity at a competitive disadvantage if the information became known to the Receiving Party. The designation "Confidential—Attorneys' Eyes Only" shall be used sparingly, and may be challenged at any time, for any reason, including the necessity of client involvement to assist Trial Counsel in preparing the case.

4. All Designated Information shall only be used in connection with this litigation, and not for any other business, proceeding, litigation, or other purpose whatsoever. Such information may not be disclosed to anyone except as provided in this Protective Order and the parties shall exercise due care regarding storage, custody, and use.

5. The following procedure shall apply to Designated Information:

a. Any party or non-party who has documents to be covered by the provisions of this Protective Order may designate, in writing, the documents or portions thereof that such person or entity considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Confidential—Attorneys' Eyes Only" by the Designating Party.

b. Any party may designate as to be covered by the provisions of this Protective Order the documents or portions thereof that have been (i) produced by another party; or (ii) produced by a non-party in response to a subpoena. For such a designation, the Designating Party must identify in writing, the documents or portions of documents that it seeks to designate as "Confidential" or "Confidential—Attorneys' Eyes Only".

6. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Protective Order. During the deposition or testimony, unauthorized persons shall be excluded from testimony designated "Confidential" or "Confidential—

Attorneys' Eyes Only" as applicable under this Protective Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" by notifying the other party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages and line numbers of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 7 to review documents or materials designated "Confidential" on behalf of that non-designating party.

7. Any documents and/or other information designated as "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available only to the following persons:

a. Attorneys of record for the Receiving Party ("Trial Counsel"), their employees and other attorneys and or employees of their firms;

b. Judges, the Court and jury, law clerks, and other clerical personnel of the Court before which this action is pending, so long as such documents or information are filed under seal;

c. Independent experts or consultants to whom disclosure is reasonably necessary for this Litigation (together with their clerical staff) not associated directly or indirectly with a party that have been retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action.

d. Receiving Party's respective Officers, directors, or employees, where needed for the preparation for trial and trial of this action and to whom disclosure is reasonably necessary.

e. Pursuant to Paragraph 6, deponents and counsel for deponents at their depositions.

f. Agents of Trial Counsel needed to perform various services such as, for

example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain Designated Information.

   g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

   h. Any other persons as to whom the parties in writing agree.

  8. Documents and/or other information designated "Confidential—Attorneys' Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to the following persons:

   a. Attorneys of record for the Receiving Party, and their employees and other attorneys and/or employees of their firms directly involved in the matter, except for any persons with a present ownership or other financial interest in one or more parties or in the outcome of this litigation;

   b. Judges, the Court and jury, law clerks and other clerical personnel of the Court before which this action is pending, so long as such documents or information are filed under seal;

   c. Independent experts or consultants to whom disclosure is reasonably necessary for this Litigation (together with their clerical staff) not associated directly or indirectly with a party that have been retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action after they have executed Exhibit A hereto;

   d. Up to one identified in-house counsel or representative of the Receiving Party who is not a competitive decision maker and has executed the "Acknowledgement and Nondisclosure Agreement.".

e. Except as otherwise provided herein and pursuant to Paragraph 6, deponents at their depositions shall not be given access to confidential information designated "Attorneys Eyes Only" by any party or third party, other than the party who has produced the confidential information and/or the party who has made the designation.

f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

g. Any other persons as to whom the parties in writing agree.

9. Any party representative, expert, or consultant permitted by this Protective Order to have access to Designated Information shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving this Protective Order, each person shall sign a statement in the form of Exhibit A hereto indicating that s/he has read the Protective Order and agrees to comply with its terms. Counsel providing such access shall retain all original executed copies of Exhibit A until this litigation is concluded.

10. The procedure for having any third party (i.e., any person or entity other than a party, employee of a party, or an independent expert or consultant as provided in Paragraphs 7 and 8) ("proposed third party") approved for access to Designated Information shall be as follows:

a. The Receiving Party shall provide the Designating Party with:

i) The name of the proposed third party;

ii) The present employer and title of the proposed third party; and

iii) A written acknowledgment in the form of Exhibit A attached hereto, signed and understood by the proposed third party, that the proposed third party has read this Protective Order and agrees to be bound by its terms.

b. Within seven (7) calendar days after receiving a copy of the information and the written acknowledgment described in subsection (a) above, the Designating Party may object in writing (by electronic mail or otherwise) to approval of the

proposed third party upon a reasonable basis. Failure to object within seven (7) calendar days to the proposed third party shall be deemed approval, but shall not preclude the Designating Party from later objecting to continued access by that third party where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If objection is made, the Designated Information shall not be disclosed to the proposed third party until either: (i) the Designating Party withdraws its objection; or (ii) the Court makes a determination on the issue.

   c. If the Designating Party objects to a proposed disclosure of Designated Information pursuant to this Paragraph 10, the parties shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At that conference, the Designating Party shall inform the Requesting Party of its reasons for objecting to the proposed third party. If the parties cannot resolve the dispute, or if no conference is completed within seven (7) days, then the Designating Party may move the Court for an order prohibiting or limiting disclosure to the proposed third party.

   d. The Designated Information may be disclosed if the Designating Party fails to move the Court for an appropriate order within ten (10) calendar days after the conference identified in Paragraph 10(c) hereof. If the Designating Party timely files a motion with the Court for an appropriate order within the (10) day period, the Designated Information may not be disclosed to the proposed third party unless and until the Court denies the Designating Party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require.

  11. This Protective Order does not in and of itself create any privileges or right to non-disclosure should this Court determine materials are not protected. Nor does it change the fact that the burden of proving that information should be protected from disclosure belongs to the party asserting that a document should remain out of the public eye. Further, the

restrictions set forth in this Protective Order will not apply to information that is already within the public realm before the date of its transmission to the Designating Party, or which becomes known to the public after the date of its transmission to the Designating Party, provided that such information does not become publicly known by any act or omission of the Receiving Party, its employees, agents or any person receiving such information under the terms of this Protective Order.

12. Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Information. In accordance with Local Rule IA 10-5, if any papers to be filed with the Court contain Designated Information then the proposed filing must be accompanied by an application to file the papers or a portion thereof containing the Designated Information (if such portion is segregate) under seal. That application shall be directed to the judge to whom the papers are directed. For motions, the parties should also file a redacted version of the motion and supporting papers.

13. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Designated Information without marking it with the legend "Confidential" or "Confidential—Attorneys' Eyes Only", the Designating Party may give written notice to the Receiving Party that the document, information, or testimony contains Designated Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the Receiving Party shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Designated Information, and shall cooperate in restoring the confidentiality of such Designated Information. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly-labeled Designated Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Protective

Order.

14. Nothing in this Protective Order shall bar or otherwise restrict any attorney of record from rendering advice to their client with respect to this action after having examined "Confidential—Attorneys' Eyes Only" information. In rendering such advice, however, and in otherwise communicating with the client, the attorneys shall not disclose in any way, directly or indirectly, generally or specifically, the contents or source of any information designated "Confidential—Attorneys' Eyes Only," which disclosure would be contrary to the terms of this Order.

15. If, at any time during the preparation for trial or during the trial of this action, any party believes that any other party or non-party has unreasonably designated certain information as "Confidential" or "Confidential—Attorneys' Eyes Only," or believes it is necessary to disclose to persons other than those permitted by this Protective Order, or otherwise objects to disclosure as provided under Paragraphs 6 through 8 hereof, and the Designating Party does not agree to change the designation or to further disclosure, the objecting party shall first serve written notice of its objection to the producing party. Within seven (7) calendar days from the date of service of the objection, the parties shall confer and attempt to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the parties cannot resolve the dispute, or if the conference does not take place, then the resolution shall be as follows:

    a. If the Designating Party is a party to this action, the Designating Party may move the Court for an appropriate order. The Designated Information may be disclosed if the Designating Party fails to move the Court for an appropriate order within ten (10) calendar days after the conference. If the Receiving Party timely files a motion with the Court for an appropriate order within the (10) day period, the Designated Information may not be disclosed to the proposed third party unless and until the Court denies the Designating Party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so

require.

b. If the Designating Party is not a party to this action, the Receiving Party shall move the Court for an appropriate order allowing production of the materials at issue to the proposed third party within ten (10) calendar days after the conference. If the Receiving Party timely files a motion with the Court for an appropriate order within the (10) day period, the Designated Information may not be disclosed to the proposed third party unless and until the Court denies the Designating Party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require.

16. The parties hereby stipulate and agree that any party that challenges the designation of information as "Confidential—Attorneys' Eyes Only" pursuant to Paragraph 15 may recover its attorneys' fees against the Designating Party if the Court determines: (i) the information was not appropriately within the scope of Paragraph 3 hereof and (ii) designation of the information as "Confidential—Attorneys' Eyes Only" was in bad faith or in an attempt to unreasonably hinder the discovery process. The purpose of this paragraph is preclude abuse of the Protective Order and is not intended for attorney's fees to be awarded based upon a good faith dispute over whether information is Confidential—Attorneys' Eyes Only.

17. This Protective Order may only be modified by an order of this Court.

18. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance.

19. Within sixty (60) days of the termination of this action, unless Trial Counsel otherwise agree in writing, each party shall assemble and return all Designated Information, including copies, to the person(s) and entity from whom the material was obtained. Trial Counsel may retain one (1) copy of any Designated Information previously filed with or submitted to the Court as provided by Paragraph 12.

20. This Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product immunity, trade secret status, or any other protection provided under the law.

Dated this 5th day of April, 2017

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
Robert Hernquist, Nevada Bar No. 10616
Jennifer Lloyd, Nevada Bar No. 9617

*Attorneys for Defendants Diageo North America Inc. & Diageo Americas Inc.*

Dated this 5th day of April, 2017

RANDOLPH LAW FIRM

By: /s/ Taylor Randolph
Taylor Randolph, Nevada Bar No. 10194

— AND —

SKIERMONT DERBY LLP
Paul Derby (admitted pro hac vice)
John O'Kane IV (admitted pro hac vice)

*Attorneys for Plaintiff Counter Wraps International Inc. d/b/a DC Media and Marketing*

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

DATE: April 7, 2017

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is _____ _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in Case No. 2:16-cv-02924-JCM-(CWH) pending in the United States District Court, District of Nevada (the "Court"). I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order. I understand that I am to retain all copies of any of the materials I receive which have been labeled as Designated Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____        _____

**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483