# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

COUNTER WRAPS INTERNATIONAL, INC.,  )
                                                     )
            Plaintiff,               )    Case No. 2:16-cv-02924-JCM-CWH
                                                     )
vs.                                                    )    **ORDER**
                                                     )
DIAGEO NORTH AMERICAN INC., et al.,  )
                                                   )
            Defendants.             )
_____)

       Before the Court are Plaintiff Counter Wraps International's (CWI) Motion to Modify the Court's Scheduling Order and for Leave to file an Amended Complaint (ECF Nos. 22, 24), filed October 11, 2017, Defendants Diageo North America, Inc. and Diageo Americas, Inc.'s (Diageo) Opposition (ECF No. 25), filed October 27, 2017, and CWI's Reply (ECF No. 27), filed November 3, 2017.

       This is a contract dispute between the parties regarding the purchase of advertising signage for Diageo's product called Nuvo, and the alleged failure to pay money owed. After removal from state court, a discovery plan and scheduling order required that motions to amend pleadings and add parties be filed by April 13, 2017. (Order (ECF No. 15).) The parties later stipulated to modify the scheduling order, and except for the modification of the deadline to amend the pleadings, the Court agreed with the modification. (Order (ECF No. 21).) The Court denied the request to extend the deadline to amend pleadings because excusable neglect had not been shown. *Id*. The other deadlines were again extended, and the close of discovery was November 9, 2017.

       Plaintiff claims that it now has good cause and has shown excusable neglect to allow the amendment of the pleadings. It argues that after the deadline for amended pleadings, it received documents and took a deposition that support previously unknown fraud claims. Diageo opposes

the motion, arguing that the amendment is untimely, prejudicial, and futile.

The motion is granted because there is good cause and excusable neglect to permit the belated amendment. The parties are directed to jointly submit a new proposed discovery plan and scheduling order.

**I. DISCUSSION**

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.*

CWI has demonstrated the good cause and excusable neglect necessary to reopen the amendment period under the scheduling order. The deadline for amending the pleadings was April 13, 2017. (Order (ECF No. 15).) CWI represents that Mr. Yakoby, an agent of Diageo, induced it

to accept below market unit pricing and to absorb start up costs because it anticipated certain levels of performance. Documents to support this claim were produced on July 28, 2017, just prior to the deposition of Mr. Yakoby, and three months after the deadline to amend passed. (Motion (ECF Nos. 22, 24) at 4.) Because CWI was not fully aware of this basis for new claims until after the amendment deadline passed, CWI could not have filed a timely motion to enlarge the deadline before it expired. There is no basis for a finding that the timing of CWI's motion to amend shows undue delay, bad faith, or dilatory motive on its part. CWI has sufficiently demonstrated that the delay was not the result of bad faith but rather the result of the discovery process which yielded documents it did not otherwise possess.

Diageo argues that it will be prejudiced by the amendment and subsequent reopening of discovery. The burden to show prejudice rests with Diageo. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Diageo has not met this burden. The core case is still about the enforcement of the Nuvo contract. Discovery only recently closed on November 9, 2017, during the pendency of this motion. Although Diageo claims that it will be required to pursue discovery "from scratch," the parties disagree on the amount of discovery that must be conducted as to the additional claims. Based upon Diageo's assertion that witnesses are unable to recall the events of the contract formation, it is likely that the documents produced will become the basis for the claims and defenses. The amount of additional discovery needed in light of new claims is therefore unclear. Diageo argues that CWI waited until just before the statute of limitations expired on its claim, and the result is that some evidence may no longer be available. Of course, this problem cuts both ways, and is not a basis to prevent amendment.[1] The passage of time is not reason enough to preclude amendment. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.").

---

[1] If the spoliation of evidence by either side is an issue, it is not before the court at this time, and therefore is not considered here.

Diageo's futility arguments are unpersuasive. It argues that the amendment to add the fraud claims are time barred by a three-year statute of limitations because CWI was at fault for not knowing about the alleged fraudulent conduct that was discovered in the Yakoby documents. If CWI was unaware of the fraud, however, the statute of limitations defense may not prevail, and the amendment would not be futile. These are factual issues to resolved in a different setting.

Diageo also contends that evidence produced in this litigation disproves CWI's theory. But futility is not determined from an analysis of the evidence, it is based on the sufficiency of the allegations. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). Diageo has not shown that CWI could not state plausible claims, just that it expects it cannot ultimately prove them.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Modify the Court's Scheduling Order and for Leave to file an Amended Complaint (ECF Nos. 22, 24) is GRANTED. CWI must file its First Amended Complaint in the format proposed at ECF No. 24-1 by November 29, 2017, and promptly serve it.

IT IS FURTHER ORDERED that the parties must meet and confer and file a proposed modification of the discovery plan and scheduling order by December 13, 2017.

DATED: November 22, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**